UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNIECE J. DeLONG,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

Case No. 1:10-cv-1056

Honorable Joseph G. Scoville

**MEMORANDUM OPINION**

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On March 28, 2013, this court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The matter is now before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 25). Defendant opposes an award of attorney's fees under the EAJA on the ground that the government's position was substantially justified. (docket # 26). For the reasons set forth herein, plaintiff's motion will be denied.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency

> action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010). The Sixth Circuit reviews district court decisions on motions for attorney's fees under the EAJA under an "abuse of discretion standard." *Damron v. Commissioner*, 104 F.3d 853, 855 (6th Cir. 1997); *see Ratliff v. Commissioner*, 465 F. App'x 459, 460 (6th Cir. 2012). The Court of Appeals has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA.

Defendant opposes an EAJA award, asserting that the government's position was substantially justified. Defendant has the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). The government's position is substantially justified if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Plaintiff is not entitled to EAJA attorney's fees simply because she obtained a decision from this court reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). *See Ratliff v. Commissioner*, 465 F. App'x at 460 ("The Commissioner's position may be substantially justified even if it is

rejected by the district court."); *Couch v. Secretary of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified."); *accord Dorrough v. Commissioner*, No. 11-12447, 2013 WL 2048445, at * 1 (E.D. Mich. May 14, 2013); *Anisko v. Commissioner*, No. 1:10-cv-244, 2013 WL 868302, at * 2 (W.D. Mich. Mar. 7, 2013). The court rejected all but one of the arguments plaintiff made for overturning the Commissioner's decision. Plaintiff wasted a significant portion of her brief arguing that the Commissioner's decision should be overturned on the basis of evidence that she never presented to the ALJ. This was patently improper. (*See* Op. at 6). The record did not "strongly establish[] plaintiff's entitlement to benefits." (Op. at 22). The court reversed the Commissioner's decision on procedural rather than substantive grounds: "The deficiency in the ALJ's opinion is his failure to explain his findings in sufficient detail to satisfy the 'good reasons' component of 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). . . . The ALJ's opinion lacks the type of focused analysis of the treating physicians' opinions necessary to survive scrutiny under the 'good reasons' regulations as currently applied by the Sixth Circuit." (Op. at 14) (citing *Gayheart v. Commissioner*, 710 F.3d 365 (6th Cir. 2013)).

This was a close case. It was the Sixth Circuit's decision in *Gayheart*, a decision entered long after all the briefing in this case had concluded, that tipped the scales in plaintiff's favor. In cases litigated within the Sixth Circuit, the Commissioner faces the extraordinarily difficult task of predicting which reasons will later be found to be sufficiently "good reasons" and which explanations will be considered sufficiently detailed to "permit meaningful appellate review." *Id.* at 380. The lines of demarcation are not clear, and in the vast majority of such cases, a position

defending a final administrative decision despite its imperfections will be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. at 565. The court finds that the Commissioner's position was substantially justified.

## **Conclusion**

For the reasons set forth herein, plaintiff's motion (docket # 25) will be denied.


Dated:  May 29, 2013             /s/  Joseph G. Scoville
                                 United States Magistrate Judge